```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
UNITED STATES OF AMERICA     :
                             :
          v.                 :   CRIMINAL NO. 05-cr-633-01
                             :
WILLIAM HEDGEBETH            :
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      July 10, 2008

The issue to be decided is whether the defendant is entitled to a reduction of sentence by virtue of the amendment to the Sentencing Guidelines dealing with crack cocaine. The applicable statute authorizes such reduction if the original sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Application of this statutory language, in the circumstances of Mr. Hedgebeth's case, is not without difficulty.

The actual guideline range for Mr. Hedgebeth was 57-71 months. He was, however, also subject to a mandatory minimum sentence of 60 months. Thus, the actual guideline range, effectively, was 60-71 months. Under the amended guidelines, his range becomes 46-57 months, but, because of the mandatory minimum, is actually 60 months.

Mr. Hedgebeth's original actual sentence was 48 months, because the government had filed a motion permitting the Court to sentence below the mandatory minimum. The government, understandably, argues that Mr. Hedgebeth is not entitled to a

reduction, because his sentence was not determined by the guidelines, but rather by the mandatory minimum as affected by the government's motion. Stated otherwise, the effective guideline minimum at the original sentencing was 60-71 months, and that guideline has not been lowered. While this is certainly a plausible argument, it overlooks the fact that the government's motion permitted the Court to impose a sentence below the mandatory minimum, hence the mandatory minimum no longer constituted the bottom of the guideline range. Thus, the only guideline range in effect at the time of the original sentencing was the 57-71 month range, which has indeed been reduced to 46-57 months.

Of particular importance, I believe, is that, in determining how much of a reduction below the mandatory minimum should be granted, the Court necessarily took into account, among other factors, the actual guideline range which would have been applicable but for the mandatory minimum. Thus, Mr. Hedgebeth's actual sentence of 48 months was, at least to some extent, influenced by, and therefore "based [in part] on a sentencing range that has been subsequently lowered" within the meaning of § 3582(c)(2).

While the issue is not free from doubt, I conclude that the defendant is entitled to the benefit of the doubt.

The parties agree that, consistent with the recommendations of the Sentencing Commission concerning the appropriate way to calculate reductions under the new guidelines for crack cocaine, if Mr. Hedgebeth is found eligible for the reduction, the appropriate sentence would be 39 months.  An Order to that effect follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :
          v.                  :   CRIMINAL NO. 05-cr-633-01
                              :
WILLIAM HEDGEBETH             :
```

## ORDER

AND NOW, this 10th day of July 2008, upon consideration of the defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and the government's response, and after argument thereon, IT IS ORDERED:

1. Defendant's motion to reduce sentence is GRANTED.

2. The defendant's sentence in this case is MODIFIED to reflect that the defendant is sentenced to 39 months in custody, to be followed by three years of supervised release, and is required to pay the mandatory special assessment of $400.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.